UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH A. CLEMENTI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-3423** |
| **ORLEANS PARISH SHERIFF'S DEPT (PRISON), ET AL.** | **SECTION: "D"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Joseph A. Clementi, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Orleans Parish Criminal Sheriff's Office and an unidentified warden complaining about the conditions of confinement within the Orleans Parish Prison system.

The undersigned United States Magistrate Judge set a scheduling conference in this matter for October 2, 2006.[1] However, on September 27, 2006, an official from the Elayn Hunt Correctional Center, plaintiff's address of record, notified the Court by telephone that plaintiff was no longer at that facility, having been released on parole on September 1, 2006. Because plaintiff's whereabouts were unknown, the conference had to be canceled.[2]

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 11.

The Court notes that the complaint plaintiff signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[3] Because plaintiff has failed to meet that obligation, the Court has no way to advance this case on the docket.

Additionally, the Court notes that Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

The mail sent by this Court to plaintiff at the Elayn Hunt Correctional Center, his address of record, was returned as undeliverable on September 5, 2006.[4]

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[3] Rec. Doc. 1, p. 4.

[4] Rec. Doc. 10.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, the Court has confirmed that he has been released from incarceration, and he has failed to provide this Court with his current address despite acknowledging on his complaint that he was aware of his obligation to do so. Due solely to plaintiff's failure to meet that obligation, this Court has no way to contact him to hold a preliminary conference or to otherwise advance his case.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this sixth day of October, 2006.

_____
 **SALLY SHUSHAN**
 **UNITED STATES MAGISTRATE JUDGE**